IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60283
Summary Calendar

_____


LUCIEN JOHN KIDD,

                                        Plaintiff-Appellant,

versus

MARDI GRAS CASINO CORPORATION,

                                        Defendant-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:94-CV-328
- - - - - - - - - -
December 18, 1995
Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Lucien John Kidd appeals from the district court's entry of summary judgment in favor of defendant Mardi Gras Casino Corporation.  Kidd argues that the district court erred by determining that Casino Magic, a floating dockside casino owned and operated by the defendant, was not a vessel for purposes of the Jones Act and the general maritime law.  Casino Magic, as an "indefinitely moored, shore-side, floating casino," is a

_____

    [*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

nonvessel for Jones Act purposes.  See Pavone v. Mississippi Riverboat Amusement Corp., 52 F.3d 560, 570 (5th Cir. 1995). Kidd failed to meet his burden of showing the existence of a genuine issue for trial, and defendant Mardi Gras Casino Corporation was thus entitled to summary judgment as a matter of law.  The district court did not err by granting the defendant's motion for summary judgment.

AFFIRMED.